# EXHIBIT A

Case 4:20-cv-00094-JMS-DML   Document 1-1   Filed 04/25/20   Page 2 of 9 PageID #: 6

22C01-2002-CT-000202

Floyd Circuit Court

Filed: 2/7/2020 5:46 PM
Clerk
Floyd County, Indiana

IN THE ___Circuit___ COURT FOR FLOYD COUNTY
STATE OF INDIANA

RANDY BULLEIT,
DANGERBOY PRODUCTIONS LLC, and
RANDY BULLEIT DEVELOPMENT COMPANY
      Plaintiffs

vs.                                                  Cause No. 22_____-2002-CT-_____

FARMER'S INSURANCE,
      Defendant

## VERIFIED COMPLAINT

1. The Plaintiff, Dangerboy Productions LLC, is a Kentucky Limited Liability company that at all times relevant hereto, was acting by and through its agent, Randy Bulleit, and Randy Bulleit Development Company, (hereinafter collectively referred to as "Plaintiff" or "Bulleit");

2. The Defendant, Farmer's Insurance, is a California corporation doing business in Indiana;

3. The Plaintiff resides in Floyd County, Indiana. The covered premises is located in Floyd County, Indiana, and the loss occurred in Floyd County, Indiana, therefore the Floyd County Indiana Circuit Court is the proper jurisdiction to assert the claim(s) herein presented;

4. A true and accurate copy of the insurance contract between the parties is attached as "Exhibit A" hereto (hereinafter referred to as "Contract") and was provided to the Plaintiff when he entered into the Contract;

## COUNT I – BREACH OF CONTRACT

5. The Plaintiff incorporates by reference the preceding paragraphs into this count;

6. The Plaintiff and Defendant entered into the Contract for insurance coverage with applicable policy limits of Two Hundred Fifty-Three Thousand Dollars ($253,000.00);

1

7. The Plaintiff incurred a loss on or about April 19, 2011, when a hailstorm occurred and caused extensive damages to the covered premises at 6993 Us Hwy 150, Floyds Knobs, IN;

8. The Defendant refused to pay the proper amount as agreed upon in the Contract;

9. The Defendant's actions constitute a breach of the Contract;

10. The Plaintiff is entitled to damages as a result of the Defendant's breach;

## COUNT II - FRAUD

11. The Plaintiff incorporates by reference the preceding paragraphs into this count;

12. The Plaintiff incurred a loss on or about April 19, 2011, when a hailstorm occurred and caused extensive damages to the covered premises;

13. The Plaintiff submitted his claim for coverage under the Contract;

14. The Defendant first refused to pay anything on the covered loss;

15. The Plaintiff disputed the refusal of coverage and sought clarification of coverage;

16. The Plaintiff then requested a copy of the Contract the Defendant was relying on in making its decision;

17. The Defendant then sent to the Plaintiff a materially different policy which was not the applicable agreement between the parties and misrepresented this as being the applicable Contract;

18. The Plaintiff pointed this discrepancy out and the different policys being relied upon and the Defendant continued to deny to pay out the amount it obligated itself to under the Contract;

19. The Defendant knew or should have known this was not the Contract entered into between the parties;

20. The Defendant continued to rely on this misrepresentation to the Plaintiff and by and through its actions, committed the tort of fraud or constructive fraud;

21. The Plaintiff is entitled to damages as a result of the Defendant's breach, including incidental and consequential damages;

## **COUNT III – BAD FAITH**

22. The Plaintiff incorporates by reference the preceding paragraphs into this count;

23. Under Indiana law, an insured who believes an insurance claim has been wrongly denied has two causes of action available, one for breach of insurance contract, and one in tort for breach of duty of good faith and fair dealing. Erie Ins. Co. v. Hickman by Smith, 622 N.E.2d 515 (Ind. 1993);

24. Indiana Code Indiana legislators have also enacted I.C. 27-4-1-4.5 which enumerates many types of activities that constitute unfair claims settlement practices including but not limited to:

> (1) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue.
> (2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
> (3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.
> (4) Refusing to pay claims without conducting a reasonable investigation based upon all available information.
> (5) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed.
> (6) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.
> (7) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.
> (8) Attempting to settle a claim for less than the amount to which a reasonable individual would have believed the individual was entitled by

reference to written or printed advertising material accompanying or made part of an application.

(12) Delaying the investigation or payment of claims by requiring an insured, a claimant, or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information.

(13) Failing to promptly settle claims, where liability has become reasonably clear, under one (1) portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

(14) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

(Emphasis Supplied)

The Defendant's actions which are applicable include but are not limited to sections One (1) through Eight (8) and Twelve (12) through Fourteen (14) of the above cited statute in that the Defendant:

25. Refused to pay anything under the policy at the outset of the Plaintiff's claim without a valid basis;

26. Continually misrepresented what policy was applicable to the loss by sending the Insured a different policy as justification for its refusal to pay;

27. Continually refused to recognize and honor the proper policy even after being informed of this discrepancy;

28. Refused to cover the loss based on weather events which were subsequent to the loss that occurred;

29. Refused to cover the loss based on other justifications not set forth in the policy;

30. Refused to pay what its own adjuster's estimates were of the damage(s) incurred at the covered premises and requesting multiple additional adjusters;

31. Switched its claims agent multiple times and required the Plaintiff to resubmit information;

32. Refused to pay what the Plaintiff is owed under the policy without articulating a valid basis for doing so;

33. Took over eight (8) years to process and complete the claim altogether still;

34. Offering only one-third (1/3) to one-half (1/2) of what damages were incurred by the Plaintiff as indicated by multiple of its own adjusters despite the total loss still being well below the policy limits, thereby forcing the Plaintiff to initiate a lawsuit for proper coverage;

35. In all, the Defendant's actions demonstrate the vast majority of the practices set forth under I.C. 27-4-1-4.5 and therefore constitutes the tort bad faith handling of the Plaintiff's claim;

36. The Defendant is liable to the Plaintiff for incidental, consequential, and punitive damages;

WHEREFORE, the Plaintiff respectfully requests the Court to:

A. Find that the Defendant is liable to the Plaintiff for Breach of Contract, Fraud, and that the Defendant acted in Bad Faith;

B. Award all appropriate incidental and consequential damages;

C. Award punitive damages determined to be appropriate;

D. Any and all other relief necessary and proper under the circumstances.

I AFFIRM UNDER THE PENALTIES OF PERGURY THAT THE FOREGOING REPRESENTATIONS ARE TRUE AND ACCURANTE TO THE BEST OF MY KNOWLEDGE AND BELIEF;

Date: 02/07/2020

RANDY BULLEIT, Plaintiff

## JURY TRIAL DEMAND

The Plaintiff hereby demands a trial by jury of all the issues and claims herein.

RANDY BULLEIT, Plaintiff

Prepared by:

_____
MATTHEW W. LORCH
Indiana Attorney No. 25001-22
Attorney for Plaintiff
LORCH LAW OFFICE LLC
211 E. Market Street
New Albany, IN  47150
Phone:  (812) 949-2111
FAX:    (502) 805-0482

Case 4:20-cv-00094-JMS-DML   Document 1-1   Filed 04/25/20   Page 8 of 9 PageID #: 12

22C01-2002-CT-000202

Floyd Circuit Court

Filed: 2/7/2020 5:46 PM
Clerk
Floyd County, Indiana

IN THE _Circuit_ COURT FOR FLOYD COUNTY
STATE OF INDIANA

RANDY BULLEIT,
DANGERBOY PRODUCTIONS LLC, and
RANDY BULLEIT DEVELOPMENT COMPANY
    Plaintiffs

vs.                                        Cause No. 22_____-2002-CT-_____

FARMER'S INSURANCE,
    Defendant

**SUMMONS**

THE STATE OF INDIANA TO RESPONDENT:  FARMER'S INSURANCE EXCHANGE
    6301 Owensmouth Blvd.
    Woodland Hills, CA 91367

SERVE:  FARMER'S INSURANCE EXCHANGE
    Corporation Service Company
    135 North Pennsylvania St., Suite 1610
    Indianapolis, IN 46201-2448

You have been sued by the person(s) named "Petitioner", the Court stated above.

    The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the demand which the Petitioner has made against you.

    You must answer the Complaint in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you receive this Summons, (you have twenty-three (23) days to answer if this Summons was received by mail), or Judgment will be entered against you for what the Petition has demanded.

    If you deny the demand and/or have a claim for relief against the Petitioner arising from the same transaction or occurrence, you mu assert it in your written answer.

It is suggested that you consult with an attorney of your choice regarding this matter.

    The following manner of service of Summons is hereby designated: **by USPS CERTIFIED MAIL**

Date: 2/10/2020 _____

ATTORNEY FOR PETITIONER
Matthew W. Lorch
LORCH LAW OFFICE LLC
211 East Market Street
New Albany, IN 47150
Telephone: 812-949-2111

_Danita Burke_ (signature)
_____
Clerk, Floyd County Courts,
Floyd County, Indiana

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served the within Summons:
    (1)    By delivering a copy of the Summons and a copy of the Complaint to the Respondent, on the _____ day of _____, 2020.

    (2)    By leaving a copy of the Summons and a copy of the Complaint at _____, the dwelling place or usual place of abode of the said Respondent, with a person of suitable age, and discretion residing therein, namely: _____.

Sheriff's Fees: _____

Additional _____

Sheriff of Floyd County, Indiana

By: _____

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2020, I mailed a copy of this Summons and a copy of the Complaint to the Respondent named above, by certified mail, requesting a return receipt, at the address furnished by the Petitioner.

_____
Clerk – Floyd County Courts,
Floyd County, Indiana

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to Respondent, was accepted by the Respondent on the ____ day of _____, 2020.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint was returned not accepted on the ____ day of _____, 2020.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to Respondent, was accepted by _____ (Age) ____ on behalf of said Respondent on the ____ day of _____, 2020.

_____
Clerk – Floyd County Courts,

## SERVICE ACKNOWLEDGED

A copy of the within Summons and a copy of the Complaint attached thereto were received by me at _____, this _____ day of _____, 2020.

_____
Signature of Respondent